RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0233p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

JUANA DOMINGA RAMOS RAFAEL,

        *Petitioner,*

    *v.*

MERRICK B. GARLAND, Attorney General,

        *Respondent*.

No. 20-4003

─────────────────

On Petition for Review from the Board of Immigration Appeals.
No. A 208 570 968.

Decided and Filed: September 24, 2021[*]

Before: BATCHELDER, LARSEN, and READLER, Circuit Judges.

─────────────────

**COUNSEL**

─────────────────

**ON BRIEF:** Russell S. Mainord, THE LAW OFFICE OF RUSSELL S. MAINORD, Hixson, Tennessee, for Petitioner. Richard Kelley, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────────

**OPINION**

─────────────────

ALICE M. BATCHELDER, Circuit Judge. Juana Dominga Ramos Rafael applied for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(a) & 1231(b)(3). The Immigration Judge (IJ) denied her claims and she appealed to the Board of Immigration Appeals (BIA). The BIA dismissed her appeal, and she petitions this court for review. We DENY the petition.

───────────────

[*]This decision was originally filed as an unpublished opinion on September 24, 2021. The court has now designated the opinion for publication.

**I.**

Ramos Rafael is a native and citizen of Guatemala who applied for admission to the United States on December 22, 2016.  The Department of Homeland Security (DHS) served her with a Notice to Appear at a place and time "to be determined."  In July 2017, the immigration court sent her a Notice of Hearing, stating the time, date, and location for that hearing.

Ramos Rafael appeared pro se for that hearing.  After she retained counsel, she applied for asylum and withholding of removal on the basis that, if returned to Guatemala, she would suffer violence because she is a woman.  At the merits hearing, the IJ heard testimony, including testimony from Ramos Rafael, which he found credible, and he considered the evidence, including the 2018 State Department Report for Guatemala.  The IJ found that Ramos Rafael had not shown and could not show that the Guatemalan government was unable or unwilling to protect women from persecution (violence or kidnapping) by private individuals.  Rather, the IJ found that the Guatemalan government had taken measures to address the problem, including the establishment of agencies to provide resources and assistance to women, the creation of specialized judicial courts for violence against women, and the enactment of enhanced criminal penalties.

The IJ also determined that Ramos Rafael had not established a cognizable protected group, proven a nexus to a protected ground, or shown either that she had suffered past persecution or held an objectively reasonable fear of future persecution.  The IJ denied Ramos Rafael's applications for relief and ordered her removed to Guatemala.  She appealed to the BIA, challenging the IJ's denial of asylum or withholding and claiming that the removal proceedings were invalid for lack of jurisdiction and violated her due-process rights because the initial Notice to Appear did not state the time and place.

The BIA found that Ramos Rafael had not addressed the IJ's critical determination—that she had not shown "that the Guatemalan government is or was unable or unwilling to protect her from the harm she suffered or fears in Guatemala," as is necessary to establish eligibility for asylum or withholding—and it "deem[ed] any further argument or evidence on this issue to be waived."  The BIA also explained that jurisdiction will vest with the immigration court when the

time, date, and location are "subsequently provided," and the record established that proper notice was "subsequently provided" to Ramos Rafael. And as to Ramos Rafael's due process argument, the BIA similarly determined that she failed to show that the Notice to Appear "amounted to a due process violation" or caused her to "suffer[] any prejudice" because proper notice was provided subsequently. Consequently, the BIA dismissed her appeal. Ramos Rafael seeks appeal here.

## II.

### A.

Ramos Rafael claims the IJ and BIA "erred in finding that she did not meet her burden of proving that she possessed a well-founded fear of persecution on account of her membership in a particular social group should she return to Guatemala." But she does not even acknowledge the BIA's ruling that she waived any claim or argument that the Guatemalan government is or was unable or unwilling to protect women from the persecution that she claimed to fear; namely, violence or kidnapping by private individuals. Ramos Rafael has likewise waived any challenge to that BIA ruling here. *See Hih v. Lynch*, 812 F.3d 551, 554, 556 (6th Cir. 2016) (holding that the petitioner "waived any challenges" to a BIA decision "by failing to raise them in his opening brief").

But this claim would fail even if she had preserved it. "When an asylum claim focuses on non-governmental conduct, the applicant must show that the alleged persecutor is either aligned with the government or that the government is unwilling or unable to control him." *Juan Antonio v. Barr*, 959 F.3d 778, 793 (6th Cir. 2020) (citation omitted). "An applicant meets this burden when she shows that she cannot reasonably expect the assistance of the government in controlling her perpetrator's actions." *Id*. (quotation marks and citation omitted). The closest that Ramos Rafael comes to addressing this issue in this appeal is a single, conclusory statement that "corruption and impunity continues to be a widespread issue in Guatemala's government; therefore, [she] could not seek the assistance of the Guatemalan government and reasonably expect assistance." This is insufficient to meet her burden of proof.

**B.**

Ramos Rafael argues that her initial Notice to Appear did not state the time and place, so *Pereira v. Sessions*, 138 S.Ct. 2105 (2018), renders her removal proceedings void for lack of jurisdiction. *See also Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). The BIA rejected this claim based on *Matter of Bermudez Cota*, 27 I.&N. Dec. 441, 447 (B.I.A. 2018), which held that the jurisdictional requirements of 8 U.S.C. § 1229(a) are satisfied by a subsequent notice of the time and place.

We must also reject Ramos Rafael's claim. Simply put, *Pereira* and *Niz-Chavez* concern only the stop-time rule, which is not implicated here. *See Pereira*, 138 S. Ct. at 2113 (stating "the dispositive question" in *Pereira* as whether "a notice to appear that does not specify the time and place at which the proceedings will be held . . . trigger[s] the stop time rule," and describing that question as "narrow" (internal quotation marks omitted)); *Niz-Chavez*, 141 S. Ct. at 1479 (noting that the Court "agreed to hear this case to resolve the conflict" between courts of appeals as to what "trigger[s] the stop-time rule"). For jurisdictional purposes, it is not necessary that the Notice to Appear contain all the required information or that all the information be included in a single document. *See Santos-Santos v. Barr*, 917 F.3d 486, 490 (6th Cir. 2019); *see also United States v. Calan-Montiel*, 4 F.4th 496, 497 (7th Cir. 2021) ("[N]one of the courts of appeals treats noncompliance with the one-document rule as a jurisdictional defect in a removal proceeding."); *Rivera-Lopes v. Garland*, 854 F. App'x 419, 420 (2d Cir. 2021); *Navarrete-Lopez v. Garland*, 853 F. App'x 1003, 1004 n.1 (5th Cir. 2021); *Perez v. Garland*, 853 F. App'x 189, 190 (9th Cir. 2021). Because Ramos Rafael received a subsequent Notice of Hearing, which provided the required time and date information that was missing from the Notice to Appear, Ramos Rafael received the necessary notice and the IJ had jurisdiction.

**C.**

Ramos Rafael also argues that the omission of the time and place of her removal hearing from the Notice to Appear violated her right to due process. "[P]roof of prejudice is necessary to establish a due process violation in an immigration hearing." *Warner v. Ashcroft*, 381 F.3d 534 (6th Cir. 2004). Ramos Rafael does not respond to the BIA's determination that she did not

suffer any prejudice from the Notice to Appear, thus waiving the argument. *See Hih*, 812 F.3d at 554.

Even if she had preserved it, she has not argued that the absence of time and place in the Notice to Appear "changed the outcome of the case." That is, she has not alleged, much less shown, actual prejudice and, therefore, she cannot establish a violation of her right to due process. *See Garza-Moreno v. Gonzales*, 489 F.3d 239, 242 (6th Cir. 2007).

### III.

For the foregoing reasons, we DENY the petition for review.